UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PRINCESS CEDENO

Plaintiff                                                                Civil Action No.

V.

CAVARY PORTFOLIO SERVICES

PORTFOLIO RECOVERY ASSOCIATES

NCO FINANCIAL SYSTEMS

I C SYSTEMS INC.

PROTOCOL RECOVERY SERVICES

STELLA RECOVERY INC.

AMERICAN PROFIT RECOVERY

ALLIED COLLECTION SERVICES

PRINCIPE & STRASNICK, PC

RJM ACQUISITIONS

TATA & KIRLIN

Defendants

# COMPLAINT

## Parties

1. The Plaintiff (Princess Cedeno) is a resident of Acton MA 02184, County of Norfolk, and a citizen of the United States.

2. Defendant Calvary Portfolio Services LLC. (hereafter Calvary) is a third party debt collector that regularly collects debts with a usually address of 500 Summit Lake Drive, Suite 400, Valhalla, NY.

3. Defendant Portfolio Recovery Associates (hereafter Portfolio) is a third party debt collector that regularly collects debts with a usually address of 120 Corporate Boulevard Norfolk, Va 23502.

4. Defendant NCO Financial Systems (hereafter NCO) is a third party debt collector that regularly collects debts with a usually address of 507 Prudential Rd Horsham, PA 19044.

5. Defendant IC Systems Inc. (hereafter I.C) is a third party debt collector that regularly collects debts with a usually address of 444 Highway 96 East ,P.O Box 64378 St. Paul, MN 55164-0378.

6. Defendant Protocol Recovery Services (hereafter Protocol) is a third party debt collector that regularly collects debts with a usually address of 655 Molly Lane Suite 120 Woodstock, GA 30189.

7. Defendant Stella Recovery Inc. (hereafter Stella) is a third party debt collector that regularly collects debts with a usually address of 1327 Highway 2 W, Suite 100 Kalispell, MT 59901.

8. Defendant American Profit Recovery (hereafter American) is a third party debt collector that regularly collects debts with a usually address of 33 Boston Post Road W #140 Marlborough, MA 01752.

9. Defendant Allied Collection Service, Inc. (hereafter Allied) is a third party debt collector that regularly collects debts with a usually address of 1607 Central Avenue, Columbus, In 47201.

10. Defendant Principe & Strasnick, PC (hereafter Principe) is a Law Firm that regularly collects defaulted debts with a usually address of 10 Tremont Street Boston, Ma.

11. Defendant RJM Acquisitions Funding, LLC (hereafter RJM) is a third party debt collector that regularly collects debts with a usually address of 575 Underhill Blvd. Ste 224 Syosset, NY 11791.

12. Defendant Tata & Kirlin (hereafter Tate) is a Law Firm that regularly collects defaulted debts with a usually address of 2810 Southampton Road, Philadelphia, PA, 19154.

## Jurisdiction

13. This court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1332.

14. The occurrences which give rise to this action occurred in Massachusetts and Plaintiff resides in Massachusetts and all defendants transact business in Massachusetts.

## FACTS

15. All condition precedence to the bringing of this action has been performed by the plaintiff.

16. This is an action for money damages for violations of the Telephone Consumer Practices Act (hereafter TCPA), Massachusetts Unfair & Deceptive Trade Practices Act (here after MGL 93a), Massachusetts Debt Collection Regulation Act 940 CMR 7.00, (hereafter MDCRA), Fair Credit Reporting Act. (hereafter FCRA) & the Federal Debt Collection Practices Act.(hereafter FDCPA)

17. Plaintiff obtained her consumer credit reports from the three major credit reporting agencies and discovered entries by entities that she was unfamiliar with in the reports.

18. Plaintiff determined that her consumer credit report had been obtained on various occasions by entities she did not recognize and without her consent.

19. Plaintiff tried to mitigate and save judicial resources by sending all Defendants a Notice of Pending Lawsuit, MGL 93a Demand letters and or Debt Validation letters.

20. Plaintiff has never had any agreement with the Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate.

21. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate continued attempts to collect any amount not authorized by an agreement creating a debt.

22. Plaintiff has never applied for an "account" with Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate.

23. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate all pulled Plaintiff Consumer Credit Report without a permissible purpose.

24. Defendant Calvary pulled Plaintiffs credit report on or about October 24, 2012 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00. & the FDCPA.

25. Defendant Portfolio pulled Plaintiffs credit report on or about March 8, 2012 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00. & the FDCPA.

26. Defendant NCO pulled Plaintiffs credit report on or about May 16, 2011 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00.

27. Defendant I.C pulled Plaintiffs credit report on or about February 19, 2012 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00. & the FDCPA.

28. Defendant Protocol pulled Plaintiffs credit report on or about August 20, 2012 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00. & the FDCPA.

29. Defendant Stella pulled Plaintiffs credit report on or about October 23, 2012 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00. & the FDCPA.

30. Defendant American pulled Plaintiffs credit report on or about May 24, 2012 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00. & the FDCPA.

31. Defendant Allied pulled Plaintiffs credit report on or about July 6, 2010 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00.& the FDCPA.

32. Defendant PRINCIPE pulled Plaintiffs credit report on or about January 24, 2012 & on December 13, 2011 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00. & the FDCPA.

33. Defendant RJM pulled Plaintiffs credit report on or about September 19, 2012, June 5, 2012 & on June 8, 2012 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00. & the FDCPA.

34. Defendant Tate pulled Plaintiffs credit report on or about March 10, 2011without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00

35. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate violated the TCPA by calling Plaintiffs cell phone up to 100 times with no prior permission given by Plaintiff.

36. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate made calls to the plaintiffs cell, wireless and home phone with an automatic telephone dialing system that has the capability to store and call number without human intervention

37. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate violated the TCPA by leaving recorded messages on Plaintiffs cell phone without express permission.

38. Defendant Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate also called Plaintiff home phone using an automatic dialer capable of storing numbers without express consent from Plaintiff.

39. Defendant Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate does not have, and has never had an established business relationship with Plaintiff.

40. Plaintiff intends to propound discovery on Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate to receive all Defendants phone records regarding calling Plaintiffs cell phone and wireless number.

41. Defendant Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate willfully violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   A. §1692 f (1) by attempting to collect a debt not authorized by an agreement.

   B. §1692 b (2) by stating that the consumer owes any debt.

   C. § 1692 e (2) Character, amount, or legal status of the alleged debt

   D. §1692 e (10) by falsely representing or using deceptive means to collect a debt.

E. § 1692 e any other false, deceptive, or misleading representation or means in connection with the debt collection

42. Defendant Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate violated MGL 93a, by violation the FDCPA, FCRA & the TCPA which is an automatic violation of the MGL 93a.

43. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate pulled Plaintiff Credit report claiming that they had a permissible purpose under 15 USC 1681b, Permissible purposes of consumer reports, **Collection of an account**, this is far from the truth.

44. Plaintiff has read permissible purpose and came to the conclusion that the word **account** is not a credit card at all, it is exactly what > § 1693a Definitions says it is a **demand deposit, savings deposit, or other asset account (Stocks & Bonds), this is the meaning of Bank account & stocks and bonds, not an open ended account which is a credit card.**

45. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate have for years claimed that they had a permissible purpose because they were collection on an account and 1693a clearly states what an account is and what it is not, an account is a bank account and a credit card is a credit plan period.

46. 15 USC 1681b **Permissible purposes of consumer reports** states:

(a) **In general** Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other: (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury. (2) In accordance with the written

instructions of the consumer to whom it relates. (3) To a person which it has reason to believe—(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of, the consumer; or**

47. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate are misplaced regarding the definition of an **account** here **(2)** the term **"account"** means a **demand deposit, savings deposit, or other asset account (other than** an occasional or incidental credit balance in an open end credit plan as defined in section 1602 (i) [1] of this title), So lets see what 1602 (i) has to say about defining an open end credit plan **here it is** 15 U.S.C 1602(i) The terms "open end credit plan" and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an open end credit plan or open end consumer credit plan even if credit information is verified from time to time. as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term **does not** include an account held by a financial institution pursuant to a bona fide trust agreement; Plaintiff state "**This clearly defines a Credit Card and Home equity loans**" .

48. Plaintiff has suffered mere injury to her reputation or creditworthiness caused by the inquiries appearing on her credit report and Plaintiff has suffered emotional and mental

distress loss of sleep and humiliation due to having inquires and getting denied over a negative credit rating and the stigma accompanying.

49. Plaintiff has suffered damage and seeks relief through the courts.

50. Plaintiff has suffered credit denials and lost of credit opportunities, Plaintiff has proof of payment of elevated interest rates, and excessive points and other fees that Plaintiff had to pay and is paying due to my lowered credit rating from these inquiries.

51. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate have reported false information about Plaintiff to credit reporting agencies, including Equifax, Experian, and Trans Union, and or Innovis, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

52. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

53. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

54. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate have repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

55. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate obtained Plaintiff's credit report from Consumer Reporting Agencies, thereby reducing my credit score. Defendants used or obtained Plaintiff's consumer report for an

impermissible purpose and did not certify the purpose through a general or specific certification.

56. Plaintiff sent dispute letters to Experian, Equifax, Trans Union and Innovis, regarding inaccuracies on her credit report reported by Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate the details of Plaintiff's disputes are outlined in those letters.

## COUNT I

## DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b) (1) (A) (iii)

57. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

58. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using an automatic telephone dialing system to call Plaintiff's cell phone.

59. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular telephone service contrary 47 U.S.C. **§227(b)(1)(A)(iii)** which states in part;

> (1) PROHIBITIONS.—it shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—
>
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate for Actual and or Statutory damages, and attorney's fees and costs.

## COUNT II
## DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b) (2) (5)

60. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

61. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(2)(5) by calling the Plaintiff's phone number, more than once during a 12 month period.

62. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate called the Plaintiff's cellular phone, contrary to 47 U.S.C. §227(b)(2)(5).

63. **WHEREFORE**, Plaintiff demands judgment for damages against Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate for Actual and or Statutory damages, and attorney's fees and costs.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANTS Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM & Tate

64. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

65. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

66. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

67. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

68. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally; if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

69. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate.

70. At no time did Plaintiff give her consent for Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate to acquire her consumer credit report from any credit reporting agency.

71. At no time did Plaintiff give her consent for Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate to acquire her consumer credit report from any credit reporting agency.

72. The actions of Defendant Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate in obtaining the consumer credit report of the Plaintiff

with no permissible purpose, or Plaintiffs consent, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiffs right to privacy.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants, Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate for statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT IV

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 BY DEFENDANTS Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate

73. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

74. Defendant Calvary pulled Plaintiffs credit report on or about October 24, 2012 without a permissible purpose violating the FCRA.

75. Defendant Portfolio pulled Plaintiffs credit report on or about March 8, 2012 without a permissible purpose violating the FCRA.

76. Defendant NCO pulled Plaintiffs credit report on or about May 16, 2011 without a permissible purpose violating the FCRA and MGL 93a and MDCR 940 CMR 7.00.

77. Defendant I.C pulled Plaintiffs credit report on or about February 19, 2012 without a permissible purpose violating the FCRA.

78. Defendant Protocol pulled Plaintiffs credit report on or about August 20, 2012 without a permissible purpose violating the FCRA.

79. Defendant Stella pulled Plaintiffs credit report on or about October 23, 2012 without a permissible purpose violating the FCRA.

80. Defendant American pulled Plaintiffs credit report on or about May 24, 2012 without a permissible purpose violating the FCRA.

81. Defendant Allied pulled Plaintiffs credit report on or about July 6, 2010 without a permissible purpose violating the FCRA.

82. Defendant PRINCIPE pulled Plaintiffs credit report on or about January 24, 2012 & on December 13, 2011 without a permissible purpose violating the FCRA.

83. Defendant RJM pulled Plaintiffs credit report on or about September 19, 2012, June 5, 2012 & on June 8, 2012 without a permissible purpose violating the FCRA.

84. Defendant Tate pulled Plaintiffs credit report on or about March 10, 2011without a permissible purpose violating the FCRA.

85. The actions of Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate in obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiffs consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiffs right to privacy.

    WHEREFORE, Plaintiff demands judgment for damages against Defendants, Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate for statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT V

## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692(g) B, BY DEFENDANTS Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate

86. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

87. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692 a (3).

88. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate are debt collector within the meaning of FDCPA §1692a (6).

89. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate willfully violated the FDCPA.

90. Defendant's violations include, but are not limited to, the following:

(a) Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate willfully violated FDCPA, 15 U.S.C. §1692 f (1) by attempting to collect a debt not authorized by an agreement.

(b) Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate willfully violated FDCPA, 15 U.S.C. §1692 b (2) by stating that the consumer owes any debt.

(c) Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate willfully violated FDCPA, 15 U.S.C. §1692 g (B) by failing to cease collection efforts until debt is validated.

(d) Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate willfully violated FDCPA, 15 U.S.C. §1692 e (2) by misrepresenting the character, amount and legal status of the alleged debt.

(e) Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate willfully violated FDCPA, 15    U.S.C. §1692 e (10) by falsely representing or using deceptive means to collect a debt.

(f) Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate willfully violated FDCPA, 15 U.S.C. §1692 f (5) by causing charges to be made to consumer's (Plaintiff's) cell phone and wireless number.

WHEREFORE, Plaintiff respectfully request judgment to be entered against Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate for the following; Statutory damages of $1,000 pursuant to the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 k.* and any other relief that this Honorable Court deems appropriate.

## COUNT VI

### Violation of MGL c. 93A
### Unfair or Deceptive Acts or Practices in Violation of G. L. c. 93A,§ 2
### BY DEFENDANTS Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate

91. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

92. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate refused to correct their reporting errors of Plaintiffs Credit Report that subjected Plaintiff to denial of credit.

93. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate violated the TCPA, FDCPA, FCRA, MDCRA 940 CMR 7.00 and the TCPA, which is an automatic violation of the Massachusetts Unfair Trade Practices Act.

94. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate refused to stop all calls after Plaintiff sent several requests by mail and verbally informed there call centers.

95. Defendant Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate intentional called Plaintiff and made Plaintiff phone ring and required Plaintiff to stop what she was doing and to answer a (ROBO) call made by an automatic telephone dialing system that has the capability to store and call number without human intervention and it caused Plaintiff harm and Plaintiff needs relief.

> **WHEREFORE**, Plaintiff prays that this honorable Court award him damages from Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate for the claims set forth herein including litigation fees and costs, sleep and emotional stress, Compensatory, Actual and punitive damages, damages to credit and any other and further relief which is just and proper under the circumstances.

## COUNT VII
### VIOLATIONS OF THE MASSACHUSETTE DEBT COLLECTION REGULATIONS ACT BY DEFENDANTS Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate

96. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

97. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate placed calls to the plaintiffs telephone numbers, defendants knew or should have known that the phone calls made inconvenient to the consumer, such communication are prohibited by 15 U.S.C 1692c (a)(1). Plaintiff demands $500.00 per each phone call made to plaintiff.

98. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate are debt collector within the meaning of §CMR 7.03

99. Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate violated § CMR 7.04 by (d) Communicating by telephone without disclosure of the name of the business or company of the creditor and without disclosure of the first and last name of the individual making such communication or a first name and a personal identifier for such individual such as a code or alias, provided however, that any such individual utilizing a personal identifier shall use only one such personal identifier at all times and provided that a mechanism is established by the creditor to identify the person using such personal identifier;

(e) Causing expense to any debtor in the form of long distance or collect telephone calls, text messaging, download fees, data usage fees, or other similar charges, except the creditor may place non-collect telephone calls to the debtor's place of residence, cellular telephone, or other telephone number provided by the debtor as his/her personal telephone number, subject to the limitations set forth in Section 7.04(1)(f);

(i) Failing to send the debtor the following notice in writing within 30 days after the first communication to a debtor at his place of employment regarding any debt, provided that a copy of the notice shall be sent every six months thereafter so long as collection activity by

the creditor on the debt continues and the debtor has not made a written request as described in 940 CMR 7.04(1)(h):

WHEREFORE, Plaintiff demands judgment for damages against Defendants Calvary, Portfolio, NCO, I.C, Protocol, Stella, American, Allied, Principe, RJM or Tate for actual and or statutory damages, and punitive damages, attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law. Respectfully submitted this 14th day of September, 2013.

Princess Cedeno

Princess Cedeno

658 West Main St

Avon, Mass 02322