UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRINCESS CEDENO<br><br>Plaintiff<br><br>v.<br><br>CALVARY PORTFOLIO SERVICES, LLC, PORTFOLIO RECOVERY ASSOCIATES, LLC, NCO FINANCIAL SYSTEMS, INC., I C SYSTEMS INC., PROTOCOL RECOVERY SERVICE, INC., STELLA RECOVERY, INC., AMERICAN PROFIT RECOVERY, INC.,  STELLA RECOVERY, INC., AMERICAN PROFIT RECOVERY, INC., ALLIED COLLECTION SERVICES, PRINCIPE & STRASNICK, PC, RJM ACQUISITIONS, TATA & KIRLIN<br><br>Defendants | Civil Action No.:  13-cv-12510 |

**MEMORANDUM IN SUPPORT OF PROTOCOL RECOVERY SERVICES, INC.'S MOTION TO DISMISS COMPLAINT**

**INTRODUCTION**

Protocol Recovery Services, Inc. ("Protocol") submits this memorandum in support of its motion, pursuant to Fed. Civ. P. 12(b)(6), to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.  Plaintiff's allegations regarding alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and G.L. c. 93A all fail to state a claim upon which relief may be granted because the allegations are purely formulaic and therefore fail to support a plausible claim for relief. Plaintiff's allegations regarding alleged violations of the Fair Credit Reporting Act ("FCRA")

fail to state a claim upon which relief may be granted because they are based on the unsupported and rejected theory that collection agencies that are attempting to collect credit card debt are not permitted under the FCRA to access a debtor's credit report.  Since that theory is incorrect and has been repeatedly rejected by Federal Courts, plaintiff's claims under the FCRA should be dismissed.

I.  **Plaintiff's FDCPA, TCPA and C.93A Allegations are Only Mechanistic and Do Not State a Claim that is Plausible on its Face**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead sufficient facts to support inferences that it is plausible that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *See Ashcroft v. Igbal,* 556 U.S. 662, 678 (2009)(holding that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Conclusory and mechanistic statements of the elements of a claim are not enough. *A.G. ex rel. Maddox v. Elsevier*, 2013 WL 5630077 (1st. Cir.)("A mechanistic recital of the elements of a claim will not suffice…").

Here, plaintiff's claims for Protocol's alleged violations of the FDCPA, the TCPA and c.93A are simply a "mechanistic recitation of the elements of such claims." [1]  Plaintiff's allegations of violations of the FDCPA, the TCPA and c.93A are set forth in paragraphs, 36-38, 41-42, 58-59, and 61-62 of plaintiff's Complaint.  All of those allegations are simply mechanical recitations of the elements of those claims.  No facts are pled that support a plausible inference that Protocol actually violated any of those statutes. See Complaint, paragraphs 36-38, 41-42, 58-59, and 61-62. *See Ashcroft v. Igbal,* 556 U.S. 662, 678 (2009); *See also*, *Jones v. FMA*

---

[1] The allegations against all of the defendants – not just Protocol – are mechanistic recitations of the elements, and are therefore insufficient.

*Alliance Ltd.*, 2013 WL 5719515 (D.Mass.)(Dismissing complaint under TCPA because "[a] bare allegation that defendants used an [automatic telephone dialing system is not enough.").

Since plaintiff's allegations regarding Protocol's alleged violations of the FDCPA, the TCPA and c.93A are simply recitations of the elements of those claims which do not support a plausible inference that Protocol violated those statutes, plaintiffs claims fail to state a claim and should be dismissed.

## II. Plaintiff's Claim that Protocol Violated the Fair Credit Reporting Act Fails Because it is Based on an Interpretation of the Statute that Courts Have Repeatedly Rejected

Plaintiff alleges that Protocol violated the Fair Credit Reporting Act ("FRCA") by pulling plaintiff's credit report without a permissible purpose. See Complaint, ¶78. However, the entire premise of plaintiff's claim under the FCRA is that Protocol (and the other defendants) were not permitted under the FCRA to pull her credit report in connection with collection of any credit card debt she had incurred. See Complaint, ¶¶43-47. Plaintiff explains that her claim is based on her theory that the FCRA's grant to collection agencies of permission to pull a credit report in connection with collection of an "account" does not include efforts to collect an overdue credit card payment. *Id.* Plaintiff's allegations fail to state a claim for violation of the FCRA because federal courts have repeatedly rejected plaintiff's interpretation of the FCRA. *Demaestri v. Asset Acceptance Capital Corp,* 2012 WL 1229907, *4 (D. Colo.)(Rejecting Cedeno's interpretation of the FCRA and holding that, "collection of a debt has been consistently found to be a permissible purpose for seeking a consumer's credit report…"); *Pyle v. First National Collection Bureau,* 2012 WL 5464357, *5 (E.D. Ca.)(Rejecting Cedeno's interpretation of the FCRA and noting that "[s]everal courts have found that obtaining a consumer credit report in an attempt to collect a credit card account debt is permissible…"); *Jagos v. Law Firm of Allen C. Smith,* 2013 WL

3895454 (E.D. Mich.)("Plaintiffs' argument fails because a consumer engages in a "credit transaction" by applying for and using a credit card.").

Since the legal basis for plaintiff's FCRA claim has been rejected by every court that has considered it, that claim fails to state a claim upon which relief may be granted.

## CONCLUSION

Protocol Recovery Services, Inc. requests that this Court dismiss with prejudice plaintiff's complaint

> PROTOCOL RECOVERY SERVICE, INC.
> By its attorney,
>
> /s/ Thomas W. Evans
> Thomas W. Evans (BBO# 552820)
> Zelle McDonough & Cohen, LLP
> 101 Federal Street, 14th floor
> Boston, MA 02110
> Ph: 617-742-6520 x230
> Fx: 617-742-1393
> tevans@zelmcd.com

Dated: November 15, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record via ECF on this 15th day of November, 2013.

> /s/ Thomas W. Evans
> Thomas W. Evans