UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRINCESS CEDENO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAVALRY PORTFOLIO SERVICES, PORTFOLIO RECOVERY ASSOCIATES, NCO FINANCIAL SYSTEMS, IC SYSTEMS, INC., PROTOCOL RECOVERY SERVICES, STELLA RECOVERY, INC., AMERICAN PROFIT RECOVERY, ALLIED COLLECTION SERVICES, PRINCIPE & STRASNICK, PC, RJM ACQUISITIONS, AND TATA & KIRLIN,<br><br>　　　　Defendants. | CIVIL ACTION NO.  1:13-cv-12510 |

**OPPOSITION OF DEFENDANTS CAVALRY PORTFOLIO SERVICES, LLC AND IC SYSTEM, INC. TO PLAINTIFF'S MOTION FOR EXTENSION OF OPPOSITION DEADLINE**

　　　　The Defendants Cavalry Portfolio Services, LLC ("Cavalry") and IC System, Inc. ("IC System") opposes the pro se plaintiff's motion for a sixty-day enlargement of the deadline by which the plaintiff must file an opposition to Cavalry's and IC System's motion to dismiss.  In support of this opposition Cavalry and IC System state as follows:

　　　　1.　　Cavalry and IC System moved to dismiss the TCPA and 93A counts of the complaint on November 11, 2013, and then moved to dismiss all remaining counts on November 21, 2013.  Over a month has passed since Cavalry and IC System first requested dismissal, and the plaintiff has only now requested an enlargement.  The request should have been brought within the fourteen-day period provided by Local Rule 7.1(B), and is now untimely.

1

2. In any event, this Court on December 10 issued an order that is controlling and requires that the plaintiff's oppositions are due and will be considered untimely if not filed by December 24, 2013. (Docket entry 56) This order (which effectively gives the plaintiff nearly six weeks to oppose the motions to dismiss) fully resolves the issue presented by the plaintiff's motion to extend, and should be not revised.

3. There is no good reason why the plaintiff needs an extraordinary sixty-day extension. The motions to dismiss represent simple and straightforward applications of rule 12(b)(c). They present no obscure or esoteric issues. The plaintiff should be prepared and required to defend her pleadings and oppose the motion in the time provided by the rules for any other litigant.

4. <u>Pro se</u> plaintiffs are bound by and must follow the same procedural rules as parties represented by counsel. This plaintiff should be no different. She is part of a group of <u>pro se</u> litigants (including Paul Jones and Lindsey Shepard) who regularly file nuisance suits such as this one in state and federal court under statutes regulating consumer transactions and debt collection. A search of the Pacer database will show dozens of such suits, if not more. All rely on the same essential form pleadings; all are filed without any evidence of actual damages; all are frivolous and brought for the cynical purpose of extorting nuisance-value settlements from compliant businesses. If this plaintiff has claims, she should be required to articulate and defend them forthwith. She does not deserve this Court's solicitude.

For all of the foregoing reasons, the plaintiff's motion to extend should be denied, and her claims against Cavalry and IC System dismissed for all of the reasons provided in their motions to dismiss.

                                        CAVALRY PORTFOLIO SERVICES, LLC,
                                        and IC SYSTEM, INC.,
                                        By their attorneys,

                                        /s/ John J. O'Connor
                                        John J. O'Connor
                                        B.B.O. No. 555251
                                        PEABODY & ARNOLD LLP
                                        Federal Reserve Plaza
                                        600 Atlantic Avenue
                                        Boston, MA 02210-2261
                                        (617) 951.2100
                                        joconnor@peabodyarnold.com

December 18, 2013

## CERTIFICATE OF SERVICE

      I, John J. O'Connor, do hereby certify that I have, this 18th day of December, 2013, served the foregoing document on all counsel of record, by causing a copy thereof, to be sent electronically to the registered participants in this case as identified on the Notice of Electronic Filing (NEF).

                                        /s/ John J. O'Connor
                                        John J. O'Connor

812586_1
15646-97777